UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SONIA ARANDA,** *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**R.E.D.A., INC.** *et al*,<br><br>Defendants. | Case No.:  2:18-cv-01231-MHH |

## MEMORANDUM OPINION

Sonia Aranda brought this action against her former employer and its owners to recover overtime wages allegedly due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Doc. 1). The Court stayed proceedings at the parties' request to allow the parties to discuss settlement. (Doc. 11). The parties have proposed a settlement agreement for this Court to approve pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir.1982). (Docs. 13, 13-1). As discussed in greater detail below, because the parties' agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA, the Court approves the parties' settlement.

I.   BACKGROUND

Defendants Rick and Fatema Zuaiter are the owners of defendants R.E.D.A., Inc. and Demaz Inc., through which Mr. and Ms. Zuaiter own and operate an IHOP restaurant in Hoover, Alabama and an IHOP restaurant in Pelham, Alabama. (Doc. 1, p. 4, ¶ 12; Doc. 1-1, pp. 1-2, ¶¶ 3-4). Ms. Aranda worked as a line cook at Mr. and Ms. Zuaiter's IHOP restaurants in Hoover and Pelham from January 2014 through January 2017. (Doc. 1, p. 2, ¶¶ 3-4; Doc. 1-1, pp. 1-2, ¶ 3). Ms. Aranda alleges that during this time period, Mr. and Ms. Zuaiter did not pay her at the overtime rate for hours which exceeded forty per week. (Doc. 1, pp. 5-7, ¶¶ 17-20; Doc. 1-1, p. 3, ¶ 7). Ms. Arana alleges that Mr. and Ms. Zuaiter devised a documented scheme in which the owners would pay her at her regular wage for overtime hours worked. (Doc. 1, p. 6, ¶ 19).

The defendants dispute Ms. Aranda's allegations. The defendants challenge the hours Ms. Aranda claims she worked, the theory that R.E.D.A., Inc. and Demaz Inc. were joint employers of Ms. Aranda, the extent to which Mr. and Ms. Zuaiter are proper defendants, and the degree to which the defendants complied with the FLSA. (Doc. 13, pp. 3, 6).

To resolve her FLSA claims against the defendants, Ms. Aranda has agreed to dismiss her claims in exchange for the defendants' payment of $4,890.16 in unpaid overtime wages and liquidated damages. (Doc. 13-1, p. 3, ¶ 2). This

amount represents "100% of her claimed and disputed unpaid overtime wages over the three year period prior to the date she filed her Complaint plus an additional equal amount for claimed liquidated damages." (Doc. 13, pp. 2-3, ¶ 4). The defendants have also agreed to pay counsel for Ms. Aranda $12,313.25 in attorney's fees and costs. (Doc. 13-1, p. 3, ¶ 2). This amount "not only equals 100% of the fees and costs incurred by Plaintiff to date, but also includes an additional amount of projected fees and costs to complete the settlement process." (Doc. 13, p. 3, ¶ 4 (citing Doc. 13-1, pp. 3, 5, ¶¶ 2, 11)). Payment is due within fourteen days of the finalization of the settlement agreement and Ms. Aranda's delivery of certain tax documents to counsel for the defendants. (Doc. 13-1, p. 4, ¶ 4).

## II. DISUCSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (noting that Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive [a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay") (emphasis in original) (alterations and quotation marks omitted)); *see also* 29 U.S.C. § 202(a) (indicating

congressional intent to eliminate labor conditions "detrimental to the maintenance of the minim standard of living necessary for health, efficiency, and general well-being of workers"). In the context of overtime, for example, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages. 29 U.S.C. § 207(a).

If an employee proves that her employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district

court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281-82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Here, there is a bona fide dispute concerning, among other things, the nature of the reduction in Ms. Aranda's overtime wage and the extent to which the defendants willfully violated the FLSA such that a three-year statute of limitations would apply in this case. Ms. Aranda has calculated that the defendants owe her $4,890.16 in unpaid overtime wages and liquidated damages for the period from January 2014 to January 2017. (Doc. 13-1, pp. 8-9, ¶¶ 4-6). The defendants have

agreed to pay this amount in full. (Doc. 13, pp. 2-3, ¶ 4). Accordingly, the settlement amount represents a fair and reasonable settlement of Ms. Aranda's claims.

The defendants have agreed separately to pay Ms. Aranda's attorney's fees and costs of $12,313.25. (Doc. 13-1, p. 3, ¶ 2). The Court reviews "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352). Although the attorney's fees and costs exceed Ms. Aranda's settlement proceeds, Ms. Aranda received her entire disputed amount plus an equal amount in liquidated damages. (Doc. 13, pp. 2-3, ¶ 4). The defendants have stipulated that the fee amount is reasonable. (Doc. 13, p. 3, ¶ 4). Under these circumstances, the Court finds that the attorney's fees and costs are fair, reasonable, and independent of Ms. Aranda's settlement amount.

To ensure that the defendants are not using an FLSA claim "to leverage a release from liability unconnected to the FLSA[,]" the Court has reviewed the release provision in the settlement agreement. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010); *see also Hogan*, 821 F. Supp. 2d at 1282 (stating that an employer may not require valuable concessions for wages due under the FLSA). Under the release provision, Ms. Aranda agrees to:

> waive, release, and forever resolve all claims, demands or causes of action against Defendants, known or unknown, which Plaintiff ever had, now has or which Plaintiff's heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Plaintiff, due to any claim arising under the FLSA, including but not limited to: (a) those arising from, relating to, or in connection with any acts or omissions related to any matter at any time prior to and including the date of Plaintiff's execution of this Agreement, and (b) those as stated in or arising out of or relating to the dispute. The parties agree that Plaintiff is not waiving rights or claims that may arise after the date she executes this Agreement.

(Doc. 13-1, pp. 3-4, ¶ 3). The Court has also reviewed the proposed covenant not to sue language for similar concerns:

> Plaintiff covenants and agrees that she will not bring, commence, institute, maintain, prosecute, join, participate in or voluntarily aid or encourage any action or proceeding or otherwise prosecute or sue Defendants either affirmatively or by way of cross-complaint, defense or counterclaim, or in any other manner with respect to the claims herein release and/or waived. Plaintiff likewise agrees to forfeit any benefit which may accrue to her as a result of such action against Defendants.
>
> The foregoing shall be construed as a covenant not to sue. This Agreement may be introduced as evidence at any legal proceeding as a complete defense to any FLSA claims existing as of the date of this Agreement that have been or could have been asserted by Plaintiff against Defendants. This covenant not to sue shall not be construed to pertain to alleged misconduct that occurs after the effective date of this Agreement or to proceedings before the Equal Employment Opportunity Commission.

(Doc. 13-1, pp. 3-4, ¶ 3). The Court interprets these provisions as limiting only FLSA claims and believes the provisions are not susceptible of a reading that broadens the scope of Ms. Aranda's release or covenant not to sue to cover matters not connected with the FLSA. Therefore, the Court approves the release

and covenant not to sue provisions because the provisions refer to only FLSA claims.

## III.  CONCLUSION

The Court has reviewed and approves the parties' FLSA settlement for the reasons stated above. The Court will enter a separate order dismissing the Ms. Aranda's claims with prejudice and closing the file.

**DONE** and **ORDERED** this December 13, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE